**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WILLARD O. LAPE, III et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1479** |
| **AMICA MUTUAL INSURANCE CO.** | **SECTION: "G"** |

**ORDER AND REASONS**

Pending before the Court is Defendant Amica Mutual Insurance Co.'s ("Amica") Motion to Compel Appraisal and Stay Litigation Pending Completion of Appraisal.[1] The pending motion was set for submission on October 6, 2021.[2] Pursuant to Local Rule 7.5, opposition to a motion must be filed eight days before the noticed submission date. Plaintiffs Willard O. Lape, III and Katherine J. Lape (collectively, "Plaintiffs") have filed no opposition at this time, and therefore the motion is deemed to be unopposed. This Court has authority to grant a motion as unopposed, although it not required to do so.[3] Considering the motion, the memorandum in support, the record, and the applicable law, the Court grants the motion and stays the case.

This litigation arises out of an insurance dispute concerning immovable property located in Mandeville, Louisiana.[4] Amica, Plaintiffs' insurer, allegedly issued a homeowner's insurance policy (the "Policy") covering Plaintiffs' home.[5] The Policy contains an appraisal provision that provides a procedure for appraisal in the event that the parties cannot agree on the amount of a

---

[1] Rec. Doc. 8.

[2] Rec. Doc. 8-6.

[3] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).

[4] Rec. Doc. 1-1.

[5] *Id.* at 2.

loss.[6] According to the Policy, either party may demand appraisal.[7] Once invoked, each party appoints an independent appraiser who separately set the amount of loss.[8] If the appraisers agree on the amount, it is submitted to Amica; if they disagree, a neutral umpire will resolve the dispute.[9]

In the motion, Amica seeks an order of this Court (1) compelling the parties to participate in the appraisal process outlined in the Policy and (2) staying this litigation pending resolution of the appraisal.[10] In support, Amica asserts that "Plaintiffs have demanded and invoked the appraisal provision, contained within the Amica Policy, for all claims and coverages related to the Amica Policy."[11] Further, Amica asserts that Plaintiffs and Amica have both demonstrated their "respective intent to participate in the appraisal process" by each appointing their appraisers.[12]

Additionally, Amica asks this Court to stay these proceedings pending completion of the appraisal.[13] Amica asserts that its proposed stay is "limited" because "it will remain in force during appraisal and will be lifted promptly after the appraisal is completed."[14] Amica avers that Plaintiffs will not be prejudiced by the stay.[15] Finally, Amica asserts that the reason for the stay is "compelling" because the appraisal process may resolve this litigation.[16] Given that Plaintiffs did

---

[6] Rec. Doc. 8-1 at 3.

[7] *Id.*

[8] *Id.* at 3–4.

[9] *Id.* at 4.

[10] Rec. Doc. 8.

[11] Rec. Doc. 8-1 at 1.

[12] *Id.* at 1–2, 4–6.

[13] *Id.* at 6.

[14] *Id.*

[15] *Id.*

[16] *Id.* Amica includes citations to other Orders by district judges of this Court entering stays in appraisal

not file an opposition and have not disputed that they have engaged in the appraisal process, the Court finds that Amica's motion has merit and should be granted. Accordingly,

**IT IS HEREBY ORDERED** that Amica's Motion to Compel Appraisal and Stay Litigation Pending Completion of Appraisal[17] is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned action is **STAYED AND ADMINISTRATIVELY CLOSED**.

**IT IS FURTHER ORDERED** that the parties shall file a motion to lift the stay and reopen the case within 30 days of completion of the appraisal process.

**NEW ORLEANS, LOUISIANA**, this 4th day of November, 2021.

Nannette Jolivette Brown

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

cases. *Id.* at 7–8; *see also Jarrell v. S. Fid. Ins. Co.*, 2011 WL 13213613 (E.D. La. Aug. 22, 2011) (Zainey, J.); *Glasper v. S. Fid. Ins. Co.*, 2021 WL 411447 (E.D. La. Feb. 5, 2021) (Vitter, J.).

[17] Rec. Doc. 8.