UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLARD O. LAPE, III et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1479** |
| **AMICA MUTUAL INSURANCE CO.** | **SECTION: "G"** |

## ORDER AND REASONS

Before the Court is Plaintiffs Willard and Katherine Lape's (collectively, "Plaintiffs") "Motion to Appoint Umpire and Alternative Motion to Lift the Stay."[1] In the motion, Plaintiffs ask the Court to appoint an umpire for the appraisal process set forth in the insurance policy, asserting that Defendant Amica Mutual Insurance Co.'s ("Amica") appraiser has refused to participate in the appraisal process.[2] Alternatively, Plaintiffs ask the Court to lift the stay so this litigation may proceed.[3]

The pending motion was set for submission on June 1, 2022.[4] Pursuant to Local Rule 7.5, opposition to a motion must be filed eight days *before* the noticed submission date. Amica filed its untimely opposition on June 1, 2022.[5] Considering the motion, the memorandum in support, the record, and the applicable law, for the reasons that follow, the Court grants the motion in part and denies the motion in part. The motion is granted to the extent that it asks the Court to lift the stay. The motion is denied to the extent it asks the Court to appoint an umpire.

---

[1] Rec. Doc. 12.

[2] Rec. Doc. 12-1.

[3] *Id.*

[4] Rec. Doc. 12-2.

[5] Rec. Doc. 13.

This litigation arises out of an insurance dispute concerning immovable property located in Mandeville, Louisiana.[6] Amica, Plaintiffs' insurer, allegedly issued a homeowner's insurance policy (the "Policy") covering Plaintiffs' home.[7] The Policy contains an appraisal provision that provides a procedure for appraisal in the event that the parties cannot agree on the amount of a loss.[8] Once the appraisal process is invoked, each party selects an independent appraiser.[9] The two appraisers then chose an umpire.[10] The umpire is tasked with resolving disputes between the appraisers.[11] If the appraisers cannot agree on an umpire, either party may request that a judge select the umpire.[12] On August 26, 2021, Amica filed a motion to compel appraisal and stay this litigation pending completion of the appraisal process, asserting that the appraisal process is "designed to resolve the disagreement between the parties."[13] The Court granted Amica's motion, ordered the parties to engage in the appraisal process, and stayed this litigation.[14]

In the instant motion, Plaintiffs ask the Court to appoint an umpire, or alternatively to lift the stay.[15] Plaintiffs assert that Amica's appraiser has repeatedly refused to communicate with Plaintiffs' appraiser, meaningfully participate in the appraisal process, or respond to Plaintiffs'

---

[6] Rec. Doc. 1-1.

[7] *Id.* at 2.

[8] Rec. Doc. 8-1 at 3. *See also* Rec. Doc. 8-5 at 28, 30.

[9] Rec. Doc. 8-5 28–30.

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] Rec. Doc. 8. *See also* Rec. Doc. 8-1 at 8.

[14] Rec. Doc. 9.

[15] Rec. Doc. 12-1.

appraiser's requests to select an umpire.[16] Thus, Plaintiffs ask the Court to intervene and select an umpire.[17] If the Court is not inclined to appoint an umpire, Plaintiffs request that the Court lift the stay so this litigation can proceed.[18]

In Amica's untimely opposition, Amica asserts that Plaintiffs have already completed repairs to the property, which would defeat the purpose of the appraisal process.[19] Amica avers that Plaintiffs have refused to produce invoices, receipts, and other documentary evidence of the incurred cost of repairs.[20] Amica contends that Plaintiffs should be ordered to produce these documents and that the Court order that the documents "defeat the purpose of the appraisal process."[21] Alternately, Amica asks the Court to appoint one of its proposed appraisers.[22] In reply, Plaintiffs assert that Amica's request for these documents is moot because Plaintiffs produced the documents the day after Amica filed its opposition.[23] Further, Plaintiffs "agree to dispense with the appraisal process as Amica suggests so long as the stay is lifted."[24]

Pursuant to United States Supreme Court and Fifth Circuit precedent, it is well settled that a district court has the inherent power to "control the disposition of the causes on its docket with

---

[16] *Id.* at 5.

[17] *Id.*

[18] *Id.* at 6.

[19] Rec. Doc. 13 at 2–3.

[20] *Id.*

[21] *Id.*

[22] *Id.* at 3–8.

[23] Rec. Doc. 14-2 at 2.

[24] *Id.*

economy of time and effort for itself, for counsel, and for litigants,"[25] and that this authority includes the district court's wide discretion to grant or lift a stay in a pending matter.[26] "Proper use of this authority 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'"[27] In this case, each party asserts that the other party has failed to meaningfully participate in the appraisal process. Plaintiffs contend that Amica's appraiser has refused to produce a report, discuss the claim with Plaintiffs' appraiser, or respond to Plaintiffs' appraiser's requests to select an umpire.[28] In turn, Amica alleges that Plaintiffs have failed to turn over documents that would defeat the purpose of the appraisal process.[29] Based on this information, it is apparent that the parties are not cooperating to move the Policy's appraisal process forward. Therefore, the Court finds that appointing an umpire would be futile. Instead, the Court will lift the stay and allow this litigation to proceed. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion to Appoint Umpire and Alternative Motion to Lift the Stay"[30] is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted to the extent that it asks the Court to lift the stay. The motion is denied to the extent it asks the Court to appoint an umpire.

---

[25] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[26] *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990).

[27] *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *Landis*, 299 U.S. at 254–55).

[28] Rec. Doc. 12-1 at 4.

[29] Rec. Doc. 2–3.

[30] Rec. Doc. 12.

**IT IS FURTHER ORDERED** that the stay in this matter is **LIFTED** and the case is restored to the Court's docket. The parties must contact the Court's case manager within fourteen days of the date of this Order to set a new trial date and corresponding deadlines.

**NEW ORLEANS, LOUISIANA**, this __7th__ day of June, 2022.

*Nannette Jolivette Brown*
_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**